UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **QUEST DIAGNOSTICS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3877** |
| **FACTORY MUTUAL INSURANCE CO.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS ORDERED THAT** Factory Mutual Insurance Company's Motion to Transfer (Rec. Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Factory Mutual Insurance Company's Motion to Stay (Rec. Doc. 18) is **DENIED**.

## BACKGROUND

Plaintiff, Quest Diagnostics, Inc., filed suit against Factory Mutual Insurance Company for property and business interruption damages sustained to its Metairie properties following Hurricane Katrina. Quest argues that it tried to negotiate with Factory for two years after Katrina, but it has only been paid a fraction of what it is owed for damages to its two laboratories in Metairie.

Factory has filed a motion to transfer the case to the Federal District Court in New Jersey and a motion to stay the case if a transfer is denied.

**1.     Motion to Transfer**

Factory argues that this case should be transferred under 28 U.S.C. 1404(a) to Federal District Court in New Jersey for the convenience of the parties.  Section 1404(a) states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"[A] party seeking a transfer 'must show good cause.'" *In re Volkswagen of America, Inc.*, 506 F. 3d 376, 384 (5th Cir. 2007).  "When viewed in the light of § 1404(a), to show good cause means that a moving party must demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"  *Id*.  "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed."  *Id*.  "When the transferee forum is clearly more convenient, a transfer should be ordered."  *Id*.

In deciding a motion to transfer, several private and public interest factors should be considered, but none is dispositive.  *Id*. at 380.  The private interest factors to be considered by the district court are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."   *Id.*    The public interest factors which must be considered are: "(1)  the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id*.

Factory argues that most documents needed for this case are located in Bellevue,

2

Washington, New Jersey or New York. Quest contends that many documents are located in Louisiana or in near-by Houston, Texas and that all physical evidence of property damage sustained is in Metairie. Because many documents and all evidence of property damage are in Louisiana, allowing the case to remain in Louisiana will contribute to the relative ease of access to the documents and evidence needed for this case.

Factory contends that Quest's business interruption claim and the breach of contract claim will require interpretation of Factory's insurance policy, and many of the critical witnesses who will discuss underwriting, procurement, negotiation, purchase, and issuance of the policy as well as business interruption losses are located near New Jersey, and that it will be expensive to make these witnesses travel to Louisiana. Quest argues that Factory has denied a portion of its claim by asserting that some repairs to the Metairie properties were not reasonable and necessary, and many witnesses, including non-party architects and contractors who dealt directly with the repairs done in Metairie, are in located in or near New Orleans, and that these witnesses will be needed to testify about its business interruption claim and property damage claim. Moreover, Quest points out that Factory has identified seven witnesses who must travel from New Jersey to Louisiana, but of the seven, two of them are Quest executives. Because Quest chose to be in Louisiana, their witnesses must not be considered in determining convenience of the parties. The availability of compulsory process to secure the attendance of witnesses is more favorable in Louisiana, and the costs for the attendance of willing witnesses favors Louisiana.

Factory argues that the Eastern District of Louisiana is overwhelmed with cases post-Katrina, and therefore, the administrative difficulties flowing from court congestion would be greater in Louisiana. Although the number of cases filed has drastically increased as a result of the

3

hurricane, administrative difficulties will not arise simply because of this court's increased docket. Currently, Katrina cases are moving smoothly toward a resolution. Therefore, consideration of court congestion does not favor a transfer to New Jersey.

Factory argues that New Jersey has an interest in deciding issues regarding underwriting, procurement, negotiation, purchase, and issuance of the policy. Quest contends that Louisiana has a strong local interest in deciding this case because the property damage occurred in Louisiana as a result of Hurricane Katrina. Louisiana's strong local interest in controversies resulting from the hurricane and resolution to such litigation outweighs New Jersey's interest in underwriting, procurement, negotiation, purchase, and issuance of the policy.

Factory argues that New Jersey law will apply in this case, and courts in New Jersey are more familiar than this court with New Jersey law. Cases decided in this court routinely resolve the application of laws of other states. That factor does not sway the court to transfer this case. Factory does not point to any potential conflicts of laws which may apply. Moreover, Quest chose to file suit in the Eastern District of Louisiana, and as explained in *Volkswagen*, when the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed.

Based on the above, this court finds that the New Jersey is not a more convenient forum for this litigation, and therefore, Factory's motion to transfer is denied.

**2.    Motion to Stay**

Factory requests a six-month stay, arguing that the additional time will allow it to fully adjust Quest's claims. Factory argues that it was in the process of adjusting the claims when Quest filed its lawsuit. Factory further contends that Quest has not provided all documentation needed for adjustment, and Quest filed its business interruption claim days before filing its lawsuit, leaving

4

Factory with no time to properly adjust that claim.  Factory argues that the claims are not ripe for adjudication until the adjustment process is complete.  Further, Factory contends that the lawsuit is premature because Quest did not comply with the policy because it did not provide all required information for Factory to adjust the claims.

Quest argues that it provided extensive support for its claims, but Factory only paid a portion of that which was due, and that it was required to file the lawsuit before the prescriptive period under Louisiana law.  Quest contends that it has complied with the requirements of the policy and that two years have passed since Hurricane Katrina, but Factory has not paid for all damages.  Quest argues that a stay of this case will only result in further delay and prejudice the parties.

This court finds that a stay of this case will not assist in settlement but will result in further delay in reaching a resolution of this case.  Mutual professional courtesies in the discovery process will facilitate the orderly resolution of this case without the necessity of a stay.  Therefore, Factory's motion to stay is denied.

## CONCLUSION

Factory Mutual Insurance Company's Motion to Transfer is denied and its Motion to Stay is denied.

New Orleans, Louisiana, this ___19th___ day of December, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

5